Thomas E. Morrissey, Jr., J.
The plaintiff husband has commenced an action for divorce based on adultery. The plaintiff states that the parties separated and had been living apart since August, 1962; that the defendant gave birth to a child, not his, in November, 1966, which child has since been adopted by persons unknown.
The plaintiff now moves by order to show cause for' an order directing the Commissioner of Social Services of the State of New York to permit the plaintiff to examine and make copies of certain entries from their records relative to the paternity of the child for the purpose of using the same in the divorce action as a confession of adultery.
The supporting affirmation is made by the attorney for the plaintiff. Although the court feels that the motion should be supported by the affidavit of the plaintiff, as one who has some *1045 knowledge of the facts, the court will dispose of the motion on its merits.
Article 6 of the Social Services Law (formerly Social Welfare Law) concerns itself with the welfare and protection of infants placed in the custody of certain institutions. Subdivisions 1 and 2 of section 372 of the Social Services Law require that a record containing certain specific information about the infant and parents be made and that reports of each child, giving all such information, be forwarded to the department.
Subdivision 3 provides that in certain instances, extracts from the record relating to such child may be furnished to “ a parent, relative or legal guardian of such child”. Subdivision 4 provides that such records kept by the department shall be deemed confidential. Clearly, the records kept by the department are at least the same as those required to be kept by the institution. The fact that all of the required information concerning the child is forwarded to the department does not make such information any less confidential, nor should it be made available to a class any larger than those indicated in subdivision 3, namely, “ a parent, relative or legal guardian ”. There is no express provision that any person other than those set out in subdivision 3 shall have access to this information. To read into subdivision 4 such intent is to make subdivision 3 meaningless.
The best interests and welfare of the child are served when the information contained in the records, and required by law, is kept from the prying eyes of strangers. This must have been the intendment of the Legislature when, in its good judgment, it limited the class of persons who could have access to the information. This court believes that both subdivisions should be read together.
Since the petitioner does not claim to be the parent, relative or guardian of the child, the court is required to deny the motion.
Petitioner seeks to obtain information which may border on a confession of adultery. He cites cases wherein certain records were obtained from certain departments. The cited cases are clearly distinguishable from the facts involved herein. First, none of the cases cited by the petitioner involves an infant who is a special ward of the State; second, no personal injury action is involved; third, the alleged confession was not made openly to the public. The information given to the institution and department was given in confidence, and as required by law, and as such was protected.
Motion denied.